```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                         3:06CV154-MU-02
```

```
THEODORE J. WILLIAMS,      )
     Plaintiff,            )
                           )
        v.                 )
                           )
G. STEWART, Captain with   )
  Union County Sheriff's   )
  Department;              )
B. MOSELY, Deputy with     )
  the Union County         )
  Sheriff's Department;    )
M. CRENSHAW, Deputy with   )
  the Union County         )
  Sheriff's Department;    )
J. TIMSON, Deputy with     )      O R D E R
  the Union County         )
  Sheriff's Department;    )
  and                      )
(FNU) COOKE, Deputy with   )
  the Union County         )
  Sheriff's Department,    )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on the "Plaintiff's Motion for Summary Judgment . . . ," filed June 16, 2006 (document # 14); and on the "Defendants' Motion To Dismiss Pursuant To The 'Three Strike' Provisions of 28 U.S.C. §1915(g) . . . ," filed May 25, 2007 (document # 51). For the reasons stated herein, the plaintiff's Motion for Summary Judgment will be denied; the defendants' Motion to Dismiss will be granted; and

the plaintiff's Complaint will be dismissed, albeit without prejudice.

The record of this matter reflects that on April 4, 2006, the plaintiff filed the subject Complaint under 42 U.S.C. §1983. More particularly, such Complaint alleges that the above-listed defendants physically assaulted him, and otherwise violated his Constitutional rights while he was being detained at the Union County Jail in 2004. On May 10, 2006, the "Defendants' Answer To Plaintiff's Complaint" was filed. By that Answer, the defendants denied the material portions of the plaintiff's Complaint. In addition, the defendants' Answer made clear that the plaintiff is quite litigious and, based upon the information which they then had, already had sustained two frivolity dismissals in his long list of inmate, in forma pauperis filings.[1]

Thereafter, the plaintiff set about filing numerous Motions in this case, including a Motion for Summary Judgment. (see document # 14). Then, on May 25, 2007, the instant Motion to Dismiss was filed by the defendants.

In their Motion, counsel for the defendants reiterate that they recently have become aware that the plaintiff has filed two actions under his correct name, and those actions were dismissed as frivolous. Defense counsel further report that at least four

---

[1] Theodore J. Williams v. Jarvis, et al., 5:99CT25-Bo (E.D.N.C. dismissed April 1, 1999); and Theodore J. Williams v. Vlahos, 1:06CV383-UA-RAE (M.D.N.C. dismissed June 5, 2006).

other civil actions were filed under the alias "Theodore Jerry Bolick," and those actions were dismissed as frivolous, malicious, or for failure to state a claim.  Moreover, defense counsel assert that they were able to determine that Bolick and Williams are the same person due to the use of an identical birth date and the same inmate identification number; and that the plaintiff actually has conceded his ineligibility to proceed in another civil, in forma pauperis action due to those prior dismissals.

That is, counsel for the defendants in the instant action assert that they had been monitoring the progress of the case of Theodore J. Williams v. Jerry Brafford, et al., 1:06CV234, a civil action which the plaintiff filed in the U.S. District Court for the Middle District of North Carolina on March 13, 2006.  As a result of those efforts, counsel reportedly learned that the defendants in the Brafford case had filed a Motion to Dismiss on the basis of the plaintiff's having already had six of his earlier civil pauper actions dismissed by various courts. (see document #21 in the Williams v. Brafford case).[2]

Further, counsel for the defendants advise that just a few

---

[2]Those six cases were identified as the two cases which plaintiff filed under his correct name, and which were already identified in footnote 1, and the cases of: Theodore Jerry Bolick v. Burch, et al., 2:94CV534-WLO (M.D.N.C.), (filed September 16, 1994); Theodore Jerry Bolick v. Transcor America, Inc., et al., 2:94CV707-WLO (M.D.N.C.) (filed December 2, 1994); Theodore Jerry Bolick v. Barnes, 2:95CV116-WLO (M.D.N.C.) (filed February 16, 1995); and Theodore Jerry Bolick v. N.C. Dept. of Corrections, 5:95CT755-BR (E.D.N.C.) (filed September 16, 1995).

weeks ago on May 7, 2007, the plaintiff filed a response to that Motion, in which he conceded that he was "in violation of the three strikes provision under 28 U.S.C., section 1915(g)."  However, the plaintiff claimed that his violation of the Prisoner Litigation Reform Act was inadvertent, he apologized for the violation, and then he asked the Court not to dismiss his action with prejudice.  Not surprisingly, therefore, counsel for the defendants are seeking a dismissal of this action as a violation of the PLRA.

Title 28 U.S.C. §1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [without prepayment of the fees associated therewith] if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the ground that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

For its own part, this Court has accessed the plaintiff's file in the <u>Brafford</u> case, and has observed that he, in fact, has conceded that he was in violation of the three strikes provision at the time that he filed that action in the Middle District on March 13, 2006.  Such concession tacitly admits that the plaintiff also was in violation of the three strikes provision at

4

the time that he filed this action on April 4, 2006. Furthermore, the Court has determined that the plaintiff filed this action without even attempting to first establish that he was entitled to do so in accordance with the provisions of §1915(g). Suffice it to say, therefore, the instant action must be <u>dismissed</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That plaintiff's Motion to Strike (document # 27) is **DISMISSED as moot;**

2. That the plaintiff's Motion for Adjudication (document # 29) is **DISMISSED as moot;**

3. That the plaintiff's Motion to Compel (document # 36) is **DISMISSED as moot;**

4. That the plaintiff's Motion for Sanctions (document # 37) is **DISMISSED as moot;**

5. That the plaintiff's Motion to Request Defendants to Stipulate (document # 42) is **DISMISSED as moot;**

6. That the plaintiff's Motion for an Evidentiary Hearing (document # 43) is **DISMISSED as moot;**

7. That the plaintiff's Motion for Summary Judgment (document # 14) is **DENIED;** and

8. That the defendants' Motion to Dismiss (document # 51) is **GRANTED.**

**SO ORDERED.**

Signed: May 30, 2007

Graham C. Mullen
United States District Judge